**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, | ) ) ) ) | Case No. |
| | ) | JURY DEMANDED |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| M/V DRAWSKO, her engines, boilers, tackle, etc., *in rem,* PEGASUS DENIZCILIK A.S.; POLSKA ZEGLUGA MORSKA; ERATO TWO SHIPPING LTD.; NORTH AMERICA STEVEDORING COMPANY, LLC, *in personam*; | ) ) ) ) ) ) ) | |
| Defendants. | | |

**<u>VERIFIED COMPLAINT IN ADMIRALTY</u>**

Plaintiffs, THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC (hereinafter collectively referred to as "THYSSEN"), by and through their undersigned counsel, KMA ZUCKERT LLC, complaining of Defendants, states as follows:

**PARTIES**

1. Plaintiff THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America is a corporation organized under the laws of the State of Michigan with a principal place of business located at 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911, and does business as a trader and importer of steel products.

1

2.      Plaintiff THYSSENKRUPP MATERIALS TRADING NA LLC is a corporation organized under the laws of the State of Michigan with a principal place of business located at 2900 West Road, Suite 500, East Lansing, Michigan 48823, and also does business as a trader and importer of steel products.

3.      Upon information and belief, Defendant PEGASUS DENIZCILIK A.S. (hereinafter "PEGASUS") is a Turkish corporation or other business entity with a principal place of business located at Kosuyolu Mahmut Yesari Caddesi 72, Kadikoy, Istanbul, Turkey.

4.      Upon information and belief, Defendant POLSKA ZEGLUGA MORSKA P.P. ("POLSTEAM") is a Polish corporation or other business entity with a principal place of business located at Pl. Rodkla 8 70-419 Szczecin, Poland.

5.      Upon information and belief, Defendant ERATO TWO SHIPPING LTD. ("ERATO") is Polish corporation or other business entity with a principal place of business c/o Polska Zegluga Morska PP ("POLSTEAM"), Plac Rodla 8, 70-419 Szczecin, Poland.

6.      Upon information and belief, Defendant NORTH AMERICAN STEVEDORING COMPANY, LLC ("NASCO") is an Illinois limited liability company with a principal place of business located at 3600 E. 95th Street, Chicago, Illinois 60617.

7.      Plaintiff is the shipper, consignee and/or receiver of the Cargo which is the subject of action, and/or a person with a proprietary interest in the Cargo, and/or a person owning, holding or entitled to possession of the Cargo and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said Cargo, as their respective interests may ultimately appear.

8.      Plaintiff is entitled to maintain this action.

9. At all relevant times, PEGASUS, POLSTEAM and ERATO were and are common carriers engaged in transportation for hire pursuant to various federal statutes governing the international, interstate and intrastate carriage of goods.

10. At all relevant times, NASCO was and is a stevedore and warehouseman for hire, which discharged, warehoused and delivered the cargo which is the subject of this action.

11. The vessel is named as an *in rem* defendant and is now or will be within the jurisdiction of this Court.

## JURISDICTION AND VENUE

12. The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et seq. (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 et seq., or, in the alternative, the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading (1924)/First Protocol (1968)/Second Protocol (1979) (more commonly referred to the "Hague-Visby Rules"), or, in the alternative, the general maritime law of the United States, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

13. The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

14. The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come

within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

15. This court has further jurisdiction pursuant to 28 U.S.C. § 1332 in that all the parties are citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16. This court also has jurisdiction pursuant to 28 U.S.C. § 1337 to the extent that 49 U.S.C. § 14706 governs this dispute and that each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

17. Venue is proper in this District as to each Defendant because each Defendant is subject to personal jurisdiction in this District with respect to this action.

18. Venue is also proper in this District because the subject contracts of carriage or other applicable contracts call for the carriage, warehousing, and handling of certain cargo, which is the subject of this action, in this District.

## FACTUAL BACKGROUND

19. Upon information and belief, the cargo consisted of five hundred ninety-six (596) various kinds of steel coils (hereinafter referred to as "the Cargo").

20. The Cargo was tendered to Defendants PEGASUS, POLSTREAM and ERATO in good order and condition at the Port of Gemlik, Turkey.

21. Defendants PEGASUS, POLSTREAM and ERATO accepted the Cargo so tendered without taking any exceptions to its physical condition.

22. Defendants PEGASUS, POLSTREAM and ERATO loaded the Cargo aboard Motor Vessel "DRAWSKO" ("the Vessel") in the Port of Gemlik Turkey from March 18 through 28, 2022.

4

23. In consideration of agreed freight, Defendants PEGASUS, POLSTREAM and ERATO agreed to transport and carry the Cargo from Gemlik, Turkey, and deliver the Cargo, in like good order and condition as when delivered to and received by Defendants, to the consignee named in Schedule A.

24. In the Port of Chicago, Illinois, the Vessel commenced discharge operations on or about May 25, 2022 and completed discharge operations on or about May 27, 2022.

25. The Cargo was in good order and condition when delivered to Defendants and the Vessel.

26. Defendant(s), or its(their) agent(s), issued bills of lading for the Cargo described in Schedule A, some of the particulars of which are stated in Schedule A.

27. The bills of lading issued by or on behalf of Defendant(s) were clean.

28. A contract of carriage or other contract for the storage and handling of the Cargo existed between Plaintiff and Defendant(s) in connection with the Cargo, as more fully described in Schedule A that Plaintiff and/or their insurers, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

29. Such contracts of carriage or other applicable contracts concern either the carriage of Cargo by sea from a foreign port to a port of the United States of America or the intra or interstate transportation of the Cargo by motor vehicle or the storage and handling of the Cargo.

30. All obligations under the contracts of carriage or other applicable contracts to be performed on the part of Plaintiff were performed, waived or otherwise excused.

31. Among other obligations and duties, Defendant(s) had an obligation and duty to: (a) deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge

5

and/or Place of Delivery as stated in Schedule A; and (b) to properly and carefully handle, keep and care for Cargo while in their exclusive care, custody and control.

32. Plaintiff suffered damage because the Cargo described in Schedule A was not delivered in good order and condition and was not properly or carefully handled, kept or cared for.

33. Plaintiff submitted a claim to Defendants for the loss of and damage to the Cargo described in Schedule A.

34. By reason of the premises, the damages sustained, as nearly as the same can now be estimated, no part of which has been paid by Defendants, although duly demanded, are in the amount of at least $1,467,913.89, plus interest, costs and other expenses.

**COUNT I**
**BREACH OF COMMON CARRIAGE**
**(AGAINST DEFENDANTS PEGASUS, POLSTEAM and ERATO)**

35. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "34" of this complaint as if more fully set forth herein.

36. On or about the dates and at the port(s) of Cargo stated in Schedule "A", attached hereto and by this reference made a part hereof, there was delivered to the Vessel(s) or other conveyances and Defendants in good order and condition, the Cargo described in Schedule "A", which said Vessel(s) or other conveyances and Defendants received, accepted and agreed to transport for certain consideration.

37. The bills of lading described in Schedule A, and other applicable contracts are subject to the provisions of COGSA.

38. To the extent they are not subject to the provisions of COGSA, the bills of lading, described in Schedule A, Defendants and other applicable contracts are subject to the provisions of the Harter Act.

39. In the alternative, the bills of lading, described in Schedule A, Defendants and other applicable contracts of carriage are subject to the provisions of the Hague-Visby Rules and/or the general maritime law of the United States.

40. The Cargo described in Schedule A was in good order and condition when delivered to Defendants and the Vessel named in Schedule A.

41. The Cargo described in Schedule A was not delivered in good order and condition at the Port of Discharge stated in Schedule A and was not properly or carefully handled, kept or cared for.

42. Under COGSA, Defendants are liable for the loss of and damage to the Cargo described in Schedule A.

43. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

## COUNT II
## BREACH OF CONTRACT
## (AGAINST ALL DEFENDANTS)

44. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "43" of its complaint as if fully set forth at length herein.

45. Defendants breached the contracts of carriage or other applicable contracts by failing to deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A and by failing to properly and carefully handle, keep and care for said Cargo.

46. Defendants otherwise breached the contracts of carriage or other applicable contracts.

47. Plaintiff suffered damages because of the breach of contract by Defendants.

**COUNT III**
**VICARIOUS LIABILITY**
**(AGAINST ALL DEFENDANTS)**

48.     Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "47" of this complaint as if more fully set forth herein.

49.     The Cargo described in Schedule A was entrusted to the care, custody and control of Defendants named in Schedule A and/or persons for whom said Defendants are vicariously liable for delivery to the Port of Discharge or the Place of Delivery stated in Schedule A.

50.     The Cargo described in Schedule A was in the care, custody and control of Defendants and/or persons for whom Defendants are vicariously liable at the time said Cargo was lost or damaged.

51.     Defendants and/or persons for whom Defendants are vicariously liable failed to deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge stated in Schedule A and failed to properly and carefully handle, keep and care for said Cargo or, in the alternative, are vicariously liable failed to properly and carefully handle, keep and care for said Cargo and failed to deliver said Cargo in good order and condition to the Place of Delivery stated in Schedule A.

52.     Defendant(s) and/or persons for whom Defendants are vicariously liable failed to return the Cargo described in Schedule A in good order and condition or, failed to return the Cargo described in Schedule A in good order and condition.

53.     The loss of or damage to the Cargo described in Schedule A was caused by or resulted from the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

8

54. Plaintiff suffered damages because of the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

55. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

**COUNT IV**
**NEGLIGENCE**
**(AGAINST ALL DEFENDANTS)**

56. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "55" of this complaint as if more fully set forth herein.

57. Defendants, their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of the Cargo in a negligent manner and in such a way as to be totally oblivious to Plaintiff's rights in the Cargo.

58. Defendants had a non-delegable duty to ensure the Vessel was seaworthy in all respects.

59. Defendants had a non-delegable duty to exercise due diligence to ensure the Vessel was seaworthy.

60. Defendants had the further duty and obligation to refrain from tortiously interfering with Plaintiff's existing contractual obligations to third parties.

61. Defendants' negligence and improper conduct with respect to its duties and obligations to the Vessel and Cargo, including but not limited to the custody, control, handling, transportation and care of the Cargo, resulted in its loss, damage and deterioration.

62. The loss and/or damage of the Cargo was proximately caused by the negligence of Defendants, jointly and/or severally, in total disregard of their respective obligations to properly

9

transport, store, secure and/or handle the Cargo, and generally acting in a manner so as to totally Cargo.

63.     As a result of the negligence of Defendants, jointly and/or severally, plaintiff has sustained damages suffered because of the loss of and damage to the Cargo described in Schedule A.

## COUNT V
## BREACH OF BAILMENT
## (AGAINST ALL DEFENDANTS)

64.     Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "63" of this complaint as if more fully set forth herein.

65.     This count is being pled in the alternative.

66.     Defendants PEGASUS and POLSTREAM allege that the Cargo was discharged in Chicago, Illinois in good order and condition.

67.     To the extent this allegation is accurate, Defendant NASCO received the Cargo at Chicago, Illinois in good order and condition.

68.     In exchange for certain consideration, Defendant NASCO agreed to safely warehouse, store, handle and otherwise protect the Cargo while in its care, custody and control.

69.     Defendant NASCO issued receipts and/or OS&D reports confirming the condition of the Cargo upon discharge from the Vessel in Chicago, Illinois.

70.     Defendant NASCO delivered the Cargo to the Place of Delivery in a damaged or lost condition.

71.     Plaintiff suffered damages because of the acts or omissions of Defendant(s) and/or persons for whom Defendant(s) are liable.

72.     Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

**WHEREFORE**, Plaintiffs THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS NA LLC request:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That if Defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

(c) That a judgment be entered in favor of Plaintiffs, on each count, for the amounts stated in this complaint, together with interest and costs.

(d) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(e) Plaintiffs further request such other and further relief as to this Court may seem just and proper.

## RESERVATION

THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC reserve the right to assert against Defendants, or any other subsequent defendants or third parties any other claims or arguments that may develop during the investigation, discovery, and litigation of this action.

## DEMAND FOR JURY TRIAL

Plaintiff THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC demand a trial by jury of all claims triable as of right by jury.

**Dated:** May 16, 2023

Respectfully Submitted,

KMA ZUCKERT LLC


_____

Deborah Moldover (ARDC No. 6717987)
KMA ZUCKERT LLC
200 W. Madison Street, 16th Floor
Chicago, IL 60606
Tel: (312) 345-3000

David Y. Loh (to be admitted PHV)
Nicholas Pantelopoulos (to be admitted PHV)
KMA ZUCKERT LLC
1350 Broadway, Suite 2410
New York, NY 10018
Tel: (212) 922-0450

Attorneys for Plaintiffs
*THYSSENKRUPP MATERIALS NA, INC. d/b/a*
*ThyssenKruppMaterials Trading North America*
*and THYSSENKRUPP MATERIALS TRADING NA*
*LLC*

## SCHEDULE A

| | |
|---|---|
| OUR REF: | TY 8429 and 448028.00001 |
| VESSEL: | M/V DRAWSKO |
| PORT OF LOADING: | GEMLIK, TURKEY |
| PORT OF DISCHARGE: | CHICAGO, ILLINOIS |
| SHIPPER: | BORCELIK CELIK SANAYTII TICARET A.S. |
| CONSIGNEE: | TO THE ORDER OF THYSSENKRUPP MATERIALS TRADING NORTH AMERICA |
| PLACE OF DELIVERY: | VARIOUS, including but not limited to Chicago Steel in Gary, IN and Charter Steel Trading in Chicago, IL |
| BILLS OF LADING: | PDEF2205GMCH0002, 3, 4, 5 and 10 dated March 25, 2022 |
| DATE OF DISCHARGE: | MAY 25, 2022 |
| DESCRIPTION OF CARGO: | 596 STEEL COILS |
| DAMAGES | FRESH WATER CONTAMINATION |
| AMOUNT: | $1,467,913.89 |

## VERIFICATION

STATE OF NEW YORK )
                             )     .ss

COUNTY OF NASSAU )

I, Harold M. Kingsley, am an attorney admitted to practice in the Courts of the State of New York retained by and for THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, the Plaintiffs in the within action for recovery of cargo loss or damage arising from a certain shipment of steel coils traveling from Gemlik, Turkey to Chicago, Illinois. I have read the foregoing complaint and know the contents thereof. The contents are true to my own knowledge based upon my review of the documents in my file except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Harold M. Kingsley

Sworn to before me
This 2 4th day of April, 2023

Notary Public

JOAN S. KINGSLEY
Notary Public, State of New York
No. 02K14783286
Qualified in Nassau County
Commission Expires Sept. 30, 2025

15