# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, | ) ) ) ) | Case No. 1:23-cv-3086-SJC-JTG |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| M/V DRAWSKO, her engines, boilers, tackle, etc., *in rem,* PEGASUS DENIZCILIK A.S.; POLSKA ZEGLUGA MORSKA; ERATO TWO SHIPPING LTD.; NORTH AMERICA STEVEDORING COMPANY, LLC, *in personam*; | ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## AFFIDAVIT OF DAVID Y. LOH
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DKT. 49]

DAVID Y. LOH, being duly sworn, deposes and says as follows:

1. I am a partner at the law firm of KMA ZUCKERT LLC, counsel for plaintiffs THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, and have been involved in this matter since the inception of this proceeding in the U.S. District Court for the Northern District of Illinois, Eastern Division.

2. I am fully familiar with this matter and based my knowledge on the documentation in my law firm's files.

3. Annexed hereto as Exhibit "A" is a true and correct copy of the Complaint in Admiralty dated May 16, 2023 [Dkt. 1].

1

4. Annexed hereto as Exhibit "B" is a true and correct copy of the Letter of Undertaking dated November 27, 2023 posted by the insurers of Owners and the Vessel ("the LOU").

5. The LOU states inter alia:

   To file or cause to be filed, upon your demand, **a Statement of Right or Interest in the Vessel in rem** in the U.S. District Court for the Northern District of Illinois, seeking damages allegedly arising out of the reference claims ("Suit") **irrespective of the vessel not being in the jurisdiction of the Court at the time** (any without raising any defenses as to her absence from said jurisdiction).

   . . . .

   And to the extent that the aforementioned motion to dismiss is successful after all appeals if any, and that any other similar motion to dismiss the in rem action against M/V DRAWSKO is also similarly successful after all appeals if any, we also undertake to replace this Letter of Undertaking with an equivalent one securing Cargo Owners against sums due to you from the owners of the M/V DRAWSKO, **and from the M/V DRAWSKO in rem**, in respect of your said claim either by agreement between the parties or by final unappealable award of a London arbitral Tribunal provided always that our liability hereunder shall not exceed the sum of USD $1,500,000 (United States Dollars One million, Five Hundred Thousand) plus interest and costs.

   (emphasis added)

6. Annexed hereto as Exhibit "C" is a true and correct copy of the Amended Verified Complaint in Admiralty dated December 28, 2023 [Dkt. 38].

7. The Amended Complaint [Dkt. 38] is largely identical to the Complaint [Dkt. 1] with the addition of paragraphs 11, 29 and 30.

8. Paragraph 11 of the Amended Complaint states *inter alia*:

   The vessel M/V DRAWSKO ("the Vessel") is a general ship trading as a common carrier by sea in international trade and which carried Plaintiffs' cargo of sensitive steel coils (hereinafter referred to as "the Cargo") from the loading port of Gemlik, Turkey to Chicago, Illinois, and is named as an *in rem* defendant and has consented to be sued in the jurisdiction of this Court.

9. Paragraphs 29 and 30 of the Amended Complaint states *inter alia*:

2

29. Having sailed from the loadport of Gemlik with Plaintiffs' Cargo aboard the Vessel, the Vessel has ratified and is bound to the bills of lading duly issued for the Cargo and charged with the liability *in rem* for the damage to Plaintiffs' Cargo and for the discharge and delivery to an unfit wharf.

30. The Vessel having been threatened with maritime arrest due to the damage to Plaintiffs' Cargo has had posted on its behalf a Letter of Undertaking from its insurers submitting the Vessel to the *in rem* maritime jurisdiction of this Court and securing the liability of the Vessel *in rem*.

10. Plaintiffs amended the complaint because, in lieu of arresting the Vessel, thereby asserting *in rem* jurisdiction, we negotiated and obtained an LOU from the Vessel's insurers.

11. Annexed hereto as Exhibit "D" is the declaration of Duncan Ross dated February 1, 2024. Mr. Ross is an English solicitor specializing in English maritime law who makes two (2) points about Plaintiffs' inability to pursue relief under English law. First, Plaintiffs do not have direct privity with Owners and therefore will not be able to commence arbitration under English law. Plaintiffs are limited to pursuing tort or bailment causes of action, which are unsustainable in a London arbitration. Second, Plaintiffs will not be able to pursue an *in rem* claim against the ship.

12. There are no such restrictions on Plaintiffs' claims against Owners under U.S. law. Pursuant to COGSA Section 3(8), Owners—who are defined as "carriers," and the ship— are prohibited from enforcing any contractual language which lessens their potential liability. Since Plaintiffs are unable to sustain their claims against Owners or the ship under English arbitration law and practice, COGSA prohibits enforcement of the London arbitration clause. *See Vimar Seguros y. Reaseguros, S.A. v. M/V SKY REEFER,* 515 U.S. 528 (1995); *see, e.g., In re Hapag-Lloyd, A.G.,* 573 F.Supp.3d 934, 939 (S.D.N.Y. 2021) (carrier's motion to dismiss under foreign forum selection clause was denied in part

3

because "the Singapore High Court would apply its own law, which would limit defendants' liability to a greater extent than that permitted by COGSA.").

13. The affiant submits this affidavit in opposition to the motion of defendants POLSKA ZEGLUGA MORSKA and ERATO TWO SHIPPING LTD. to dismiss the Amended Complaint in favor of London arbitration.

DAVID Y. LOH

Sworn to before me
This 26th day of February, 2024

Notary Public

JENNIFER HUANG
Notary Public, State of New York
Reg. No. 02HU6122514
Qualified in New York County
Commission Expires March 24, 2025

4

# SUB-EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, <br><br> Plaintiff, <br><br> v. <br><br> M/V DRAWSKO, her engines, boilers, tackle, etc., *in rem,* PEGASUS DENIZCILIK A.S.; POLSKA ZEGLUGA MORSKA; ERATO TWO SHIPPING LTD.; NORTH AMERICA STEVEDORING COMPANY, LLC, *in personam*; <br><br> Defendants. | ) <br> ) <br> ) Case No. <br> ) <br> ) JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiffs, THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC (hereinafter collectively referred to as "THYSSEN"), by and through their undersigned counsel, KMA ZUCKERT LLC, complaining of Defendants, states as follows:

## PARTIES

1. Plaintiff THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America is a corporation organized under the laws of the State of Michigan with a principal place of business located at 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911, and does business as a trader and importer of steel products.

1

2. Plaintiff THYSSENKRUPP MATERIALS TRADING NA LLC is a corporation organized under the laws of the State of Michigan with a principal place of business located at 2900 West Road, Suite 500, East Lansing, Michigan 48823, and also does business as a trader and importer of steel products.

3. Upon information and belief, Defendant PEGASUS DENIZCILIK A.S. (hereinafter "PEGASUS") is a Turkish corporation or other business entity with a principal place of business located at Kosuyolu Mahmut Yesari Caddesi 72, Kadikoy, Istanbul, Turkey.

4. Upon information and belief, Defendant POLSKA ZEGLUGA MORSKA P.P. ("POLSTEAM") is a Polish corporation or other business entity with a principal place of business located at Pl. Rodkla 8 70-419 Szczecin, Poland.

5. Upon information and belief, Defendant ERATO TWO SHIPPING LTD. ("ERATO") is Polish corporation or other business entity with a principal place of business c/o Polska Zegluga Morska PP ("POLSTEAM"), Plac Rodla 8, 70-419 Szczecin, Poland.

6. Upon information and belief, Defendant NORTH AMERICAN STEVEDORING COMPANY, LLC ("NASCO") is an Illinois limited liability company with a principal place of business located at 3600 E. 95th Street, Chicago, Illinois 60617.

7. Plaintiff is the shipper, consignee and/or receiver of the Cargo which is the subject of action, and/or a person with a proprietary interest in the Cargo, and/or a person owning, holding or entitled to possession of the Cargo and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said Cargo, as their respective interests may ultimately appear.

8. Plaintiff is entitled to maintain this action.

9.      At all relevant times, PEGASUS, POLSTEAM and ERATO were and are common carriers engaged in transportation for hire pursuant to various federal statutes governing the international, interstate and intrastate carriage of goods.

10.      At all relevant times, NASCO was and is a stevedore and warehouseman for hire, which discharged, warehoused and delivered the cargo which is the subject of this action.

11.      The vessel is named as an *in rem* defendant and is now or will be within the jurisdiction of this Court.

## JURISDICTION AND VENUE

12.      The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et seq. (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 et seq., or, in the alternative, the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading (1924)/First Protocol (1968)/Second Protocol (1979) (more commonly referred to the "Hague-Visby Rules"), or, in the alternative, the general maritime law of the United States, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

13.      The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

14.      The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come

within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

15. This court has further jurisdiction pursuant to 28 U.S.C. § 1332 in that all the parties are citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16. This court also has jurisdiction pursuant to 28 U.S.C. § 1337 to the extent that 49 U.S.C. § 14706 governs this dispute and that each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

17. Venue is proper in this District as to each Defendant because each Defendant is subject to personal jurisdiction in this District with respect to this action.

18. Venue is also proper in this District because the subject contracts of carriage or other applicable contracts call for the carriage, warehousing, and handling of certain cargo, which is the subject of this action, in this District.

## FACTUAL BACKGROUND

19. Upon information and belief, the cargo consisted of five hundred ninety-six (596) various kinds of steel coils (hereinafter referred to as "the Cargo").

20. The Cargo was tendered to Defendants PEGASUS, POLSTREAM and ERATO in good order and condition at the Port of Gemlik, Turkey.

21. Defendants PEGASUS, POLSTREAM and ERATO accepted the Cargo so tendered without taking any exceptions to its physical condition.

22. Defendants PEGASUS, POLSTREAM and ERATO loaded the Cargo aboard Motor Vessel "DRAWSKO" ("the Vessel") in the Port of Gemlik Turkey from March 18 through 28, 2022.

4

23. In consideration of agreed freight, Defendants PEGASUS, POLSTREAM and ERATO agreed to transport and carry the Cargo from Gemlik, Turkey, and deliver the Cargo, in like good order and condition as when delivered to and received by Defendants, to the consignee named in Schedule A.

24. In the Port of Chicago, Illinois, the Vessel commenced discharge operations on or about May 25, 2022 and completed discharge operations on or about May 27, 2022.

25. The Cargo was in good order and condition when delivered to Defendants and the Vessel.

26. Defendant(s), or its(their) agent(s), issued bills of lading for the Cargo described in Schedule A, some of the particulars of which are stated in Schedule A.

27. The bills of lading issued by or on behalf of Defendant(s) were clean.

28. A contract of carriage or other contract for the storage and handling of the Cargo existed between Plaintiff and Defendant(s) in connection with the Cargo, as more fully described in Schedule A that Plaintiff and/or their insurers, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

29. Such contracts of carriage or other applicable contracts concern either the carriage of Cargo by sea from a foreign port to a port of the United States of America or the intra or interstate transportation of the Cargo by motor vehicle or the storage and handling of the Cargo.

30. All obligations under the contracts of carriage or other applicable contracts to be performed on the part of Plaintiff were performed, waived or otherwise excused.

31. Among other obligations and duties, Defendant(s) had an obligation and duty to: (a) deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge

5

and/or Place of Delivery as stated in Schedule A; and (b) to properly and carefully handle, keep and care for Cargo while in their exclusive care, custody and control.

32. Plaintiff suffered damage because the Cargo described in Schedule A was not delivered in good order and condition and was not properly or carefully handled, kept or cared for.

33. Plaintiff submitted a claim to Defendants for the loss of and damage to the Cargo described in Schedule A.

34. By reason of the premises, the damages sustained, as nearly as the same can now be estimated, no part of which has been paid by Defendants, although duly demanded, are in the amount of at least $1,467,913.89, plus interest, costs and other expenses.

## COUNT I
### BREACH OF COMMON CARRIAGE
### (AGAINST DEFENDANTS PEGASUS, POLSTEAM and ERATO)

35. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "34" of this complaint as if more fully set forth herein.

36. On or about the dates and at the port(s) of Cargo stated in Schedule "A", attached hereto and by this reference made a part hereof, there was delivered to the Vessel(s) or other conveyances and Defendants in good order and condition, the Cargo described in Schedule "A", which said Vessel(s) or other conveyances and Defendants received, accepted and agreed to transport for certain consideration.

37. The bills of lading described in Schedule A, and other applicable contracts are subject to the provisions of COGSA.

38. To the extent they are not subject to the provisions of COGSA, the bills of lading, described in Schedule A, Defendants and other applicable contracts are subject to the provisions of the Harter Act.

6

39.     In the alternative, the bills of lading, described in Schedule A, Defendants and other applicable contracts of carriage are subject to the provisions of the Hague-Visby Rules and/or the general maritime law of the United States.

40.     The Cargo described in Schedule A was in good order and condition when delivered to Defendants and the Vessel named in Schedule A.

41.     The Cargo described in Schedule A was not delivered in good order and condition at the Port of Discharge stated in Schedule A and was not properly or carefully handled, kept or cared for.

42.     Under COGSA, Defendants are liable for the loss of and damage to the Cargo described in Schedule A.

43.     Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

## COUNT II
## BREACH OF CONTRACT
## (AGAINST ALL DEFENDANTS)

44.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "43" of its complaint as if fully set forth at length herein.

45.     Defendants breached the contracts of carriage or other applicable contracts by failing to deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A and by failing to properly and carefully handle, keep and care for said Cargo.

46.     Defendants otherwise breached the contracts of carriage or other applicable contracts.

47.     Plaintiff suffered damages because of the breach of contract by Defendants.

7

## COUNT III
## VICARIOUS LIABILITY
## (AGAINST ALL DEFENDANTS)

48.     Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "47" of this complaint as if more fully set forth herein.

49.     The Cargo described in Schedule A was entrusted to the care, custody and control of Defendants named in Schedule A and/or persons for whom said Defendants are vicariously liable for delivery to the Port of Discharge or the Place of Delivery stated in Schedule A.

50.     The Cargo described in Schedule A was in the care, custody and control of Defendants and/or persons for whom Defendants are vicariously liable at the time said Cargo was lost or damaged.

51.     Defendants and/or persons for whom Defendants are vicariously liable failed to deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge stated in Schedule A and failed to properly and carefully handle, keep and care for said Cargo or, in the alternative, are vicariously liable failed to properly and carefully handle, keep and care for said Cargo and failed to deliver said Cargo in good order and condition to the Place of Delivery stated in Schedule A.

52.     Defendant(s) and/or persons for whom Defendants are vicariously liable failed to return the Cargo described in Schedule A in good order and condition or, failed to return the Cargo described in Schedule A in good order and condition.

53.     The loss of or damage to the Cargo described in Schedule A was caused by or resulted from the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

8

54.     Plaintiff suffered damages because of the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

55.     Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

**COUNT IV**
**NEGLIGENCE**
**(AGAINST ALL DEFENDANTS)**

56.     Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "55" of this complaint as if more fully set forth herein.

57.     Defendants, their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of the Cargo in a negligent manner and in such a way as to be totally oblivious to Plaintiff's rights in the Cargo.

58.     Defendants had a non-delegable duty to ensure the Vessel was seaworthy in all respects.

59.     Defendants had a non-delegable duty to exercise due diligence to ensure the Vessel was seaworthy.

60.     Defendants had the further duty and obligation to refrain from tortiously interfering with Plaintiff's existing contractual obligations to third parties.

61.     Defendants' negligence and improper conduct with respect to its duties and obligations to the Vessel and Cargo, including but not limited to the custody, control, handling, transportation and care of the Cargo, resulted in its loss, damage and deterioration.

62.     The loss and/or damage of the Cargo was proximately caused by the negligence of Defendants, jointly and/or severally, in total disregard of their respective obligations to properly

9

transport, store, secure and/or handle the Cargo, and generally acting in a manner so as to totally Cargo.

63. As a result of the negligence of Defendants, jointly and/or severally, plaintiff has sustained damages suffered because of the loss of and damage to the Cargo described in Schedule A.

## COUNT V
## BREACH OF BAILMENT
## (AGAINST ALL DEFENDANTS)

64. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "63" of this complaint as if more fully set forth herein.

65. This count is being pled in the alternative.

66. Defendants PEGASUS and POLSTREAM allege that the Cargo was discharged in Chicago, Illinois in good order and condition.

67. To the extent this allegation is accurate, Defendant NASCO received the Cargo at Chicago, Illinois in good order and condition.

68. In exchange for certain consideration, Defendant NASCO agreed to safely warehouse, store, handle and otherwise protect the Cargo while in its care, custody and control.

69. Defendant NASCO issued receipts and/or OS&D reports confirming the condition of the Cargo upon discharge from the Vessel in Chicago, Illinois.

70. Defendant NASCO delivered the Cargo to the Place of Delivery in a damaged or lost condition.

71. Plaintiff suffered damages because of the acts or omissions of Defendant(s) and/or persons for whom Defendant(s) are liable.

72.     Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

**WHEREFORE**, Plaintiffs THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS NA LLC request:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That if Defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

(c) That a judgment be entered in favor of Plaintiffs, on each count, for the amounts stated in this complaint, together with interest and costs.

(d) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(e) Plaintiffs further request such other and further relief as to this Court may seem just and proper.

## RESERVATION

THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC reserve the right to assert against Defendants, or any other subsequent defendants or third parties any other claims or arguments that may develop during the investigation, discovery, and litigation of this action.

## DEMAND FOR JURY TRIAL

Plaintiff THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC demand a trial by jury of all claims triable as of right by jury.

**Dated:** May 16, 2023

Respectfully Submitted,

KMA ZUCKERT LLC


_____

Deborah Moldover (ARDC No. 6717987)
KMA ZUCKERT LLC
200 W. Madison Street, 16th Floor
Chicago, IL 60606
Tel: (312) 345-3000

David Y. Loh (to be admitted PHV)
Nicholas Pantelopoulos (to be admitted PHV)
KMA ZUCKERT LLC
1350 Broadway, Suite 2410
New York, NY 10018
Tel: (212) 922-0450

Attorneys for Plaintiffs
*THYSSENKRUPP MATERIALS NA, INC. d/b/a
ThyssenKruppMaterials Trading North America
and THYSSENKRUPP MATERIALS TRADING NA
LLC*

13

## SCHEDULE A

OUR REF:               TY 8429 and 448028.00001

VESSEL:                M/V DRAWSKO

PORT OF LOADING:      GEMLIK, TURKEY

PORT OF DISCHARGE:    CHICAGO, ILLINOIS

SHIPPER:              BORCELIK CELIK SANAYTII TICARET A.S.

CONSIGNEE:          TO THE ORDER OF THYSSENKRUPP MATERIALS TRADING NORTH AMERICA

PLACE OF DELIVERY:    VARIOUS, including but not limited to Chicago Steel in Gary, IN and Charter Steel Trading in Chicago, IL

BILLS OF LADING:      PDEF2205GMCH0002, 3, 4, 5 and 10 dated March 25, 2022

DATE OF DISCHARGE:   MAY 25, 2022

DESCRIPTION OF CARGO:  596 STEEL COILS

DAMAGES            FRESH WATER CONTAMINATION

AMOUNT:             $1,467,913.89

## VERIFICATION

STATE OF NEW YORK   )
                              )   .ss

COUNTY OF NASSAU   )

I, Harold M. Kingsley, am an attorney admitted to practice in the Courts of the State of New York retained by and for THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, the Plaintiffs in the within action for recovery of cargo loss or damage arising from a certain shipment of steel coils traveling from Gemlik, Turkey to Chicago, Illinois. I have read the foregoing complaint and know the contents thereof. The contents are true to my own knowledge based upon my review of the documents in my file except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Harold M. Kingsley

Sworn to before me
This 2 Y th day of April, 2023

Notary Public

JOAN S. KINGSLEY
Notary Public, State of New York
No. 02K14783286
Qualified in Nassau County
Commission Expires Sept. 30, 20 25

15

# SUB-EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, | ) ) ) ) | Case No. 1:23-cv-3086-SJC |
| | ) | JURY DEMANDED |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| M/V DRAWSKO, her engines, boilers, tackle, etc., *in rem,* PEGASUS DENIZCILIK A.S.; POLSKA ZEGLUGA MORSKA; ERATO TWO SHIPPING LTD.; NORTH AMERICA STEVEDORING COMPANY, LLC, *in personam*; | ) ) ) ) ) ) ) | |
| Defendants. | | |

**AMENDED VERIFIED COMPLAINT IN ADMIRALTY**

Plaintiffs, THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC (hereinafter collectively referred to as "THYSSEN"), by and through their undersigned counsel, KMA ZUCKERT LLC, complaining of Defendants, states as follows:

**PARTIES**

1. Plaintiff THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America is a corporation organized under the laws of the State of Michigan with a principal place of business located at 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911, and does business as a trader and importer of steel products.

2. Plaintiff THYSSENKRUPP MATERIALS TRADING NA LLC is a limited liability company organized under the laws of the State of Michigan with a principal place of

1

business located at 2900 West Road, Suite 500, East Lansing, Michigan 48823, and also does business as a trader and importer of steel products.

3. Upon information and belief, Defendant PEGASUS DENIZCILIK A.S. (hereinafter "PEGASUS") is a Turkish corporation or other business entity with a principal place of business located at Kosuyolu Mahmut Yesari Caddesi 72, Kadikoy, Istanbul, Turkey.

4. Upon information and belief, Defendant POLSKA ZEGLUGA MORSKA P.P. ("POLSTEAM") is a Polish corporation or other business entity with a principal place of business located at Pl. Rodkla 8 70-419 Szczecin, Poland.

5. Upon information and belief, Defendant ERATO TWO SHIPPING LTD. ("ERATO") is Polish corporation or other business entity with a principal place of business c/o Polska Zegluga Morska PP ("POLSTEAM"), Plac Rodla 8, 70-419 Szczecin, Poland.

6. Upon information and belief, Defendant NORTH AMERICAN STEVEDORING COMPANY, LLC ("NASCO") is an Illinois limited liability company with a principal place of business located at 3600 E. 95th Street, Chicago, Illinois 60617.

7. Plaintiffs are the shipper, consignee and/or receiver of the cargo which is the subject of action, and/or a person with a proprietary interest in the cargo, and/or a person owning, holding or entitled to possession of the cargo and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said cargo, as their respective interests may ultimately appear.

8. Plaintiffs are entitled to maintain this action.

9. At all relevant times, M/V DRAWSKO, PEGASUS, POLSTEAM and ERATO were and are common carriers engaged in transportation for hire pursuant to maritime law and various federal statutes governing the international, interstate and intrastate carriage of goods.

10.  At all relevant times, NASCO was and is a stevedore and warehouseman for hire, which discharged, warehoused and delivered the cargo which is the subject of this action.

11.  The vessel M/V DRAWSKO ("the Vessel") is a general ship trading as a common carrier by sea in international trade and which carried Plaintiffs' cargo of sensitive steel coils (hereinafter referred to as "the Cargo") from the loading port of Gemlik, Turkey to Chicago, Illinois, and is named as an *in rem* defendant and has consented to be sued in the jurisdiction of this Court.

## JURISDICTION AND VENUE

12.  The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et seq. (note), the Harter Act, 46 U.S.C. § 30701 et seq., and the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading (1924)/First Protocol (1968)/Second Protocol (1979) (more commonly referred to the "Hague-Visby Rules"), or, in the alternative, the general maritime law of the United States, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

13.  The following issues also concern breach of a maritime contract and maritime tort and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

14.  The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3

15.     This court has further jurisdiction pursuant to 28 U.S.C. § 1332 in that all the parties are citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16.     This court also has jurisdiction pursuant to 28 U.S.C. § 1337 to the extent that 49 U.S.C. § 14706 governs this dispute and that each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

17.     Venue is proper in this District as to each Defendant because each Defendant is subject to personal or *in rem* jurisdiction in this District with respect to this action.

18.     Venue is also proper in this District because the subject contracts of carriage or other applicable contracts call for the carriage, warehousing, and handling of certain cargo, which is the subject of this action, in this District.

## FACTUAL BACKGROUND

19.     Plaintiffs are importers and traders of steel cargoes.

20.     On or about March 25, 2022, Plaintiffs purchased for resale a quantity of sensitive steel coils from Gemlik, Turkey to be shipped to the port of Chicago, Illinois.

21.     The Vessel M/V DRAWSKO is a general ship trading as a common carrier which carried Plaintiffs' Cargo from the loading port of Gemlik, Turkey to Chicago, Illinois.

22.     Defendants M/V DRAWSKO, PEGASUS, POLSTREAM and ERATO accepted the Cargo so tendered without taking any exceptions to its physical condition.

23.     Defendants M/V DRAWSKO, PEGASUS, POLSTREAM and ERATO loaded the Cargo aboard the Vessel in the Port of Gemlik Turkey from March 18 through 28, 2022.

24.     In consideration of agreed freight, Defendants M/V DRAWSKO, PEGASUS, POLSTREAM and ERATO agreed to transport and carry the Cargo from Gemlik, Turkey, and

deliver the Cargo, in like good order and condition as when delivered to and received by Defendants, to the consignee named in Schedule A.

25. In the Port of Chicago, Illinois, the Vessel commenced discharge operations on or about May 25, 2022 and completed discharge operations on or about May 27, 2022

26. The Cargo was loaded in Gemlik aboard the Vessel in clean and dry condition, and Defendant(s), or its(their) agent(s), issued clean bills of lading, described in Schedule A, some of the particulars of which are stated in Schedule A.

27. The Cargo was discharged in Chicago by the Vessel in a wet, rusted, and deteriorated condition.

28. The above facts give rise to an inference that the damage to Plaintiffs' Cargo was due to the unseaworthiness of the Vessel, and due to the failure of the Vessel and its master and crew to properly care for the Cargo in its custody, which creates a maritime tort lien against the Vessel.

29. Having sailed from the loadport of Gemlik with Plaintiffs' Cargo aboard the Vessel, the Vessel has ratified and is bound to the bills of lading duly issued for the Cargo and charged with the liability *in rem* for the damage to Plaintiffs' Cargo and for the discharge and delivery to an unfit wharf.

30. The Vessel having been threatened with maritime arrest due to the damage to Plaintiffs' Cargo has had posted on its behalf a Letter of Undertaking from its insurers submitting the Vessel to the *in rem* maritime jurisdiction of this Court and securing the liability of the Vessel *in rem*.

31. A contract of carriage or other contract for the storage and handling of the Cargo existed between Plaintiffs and Defendant(s) in connection with the Cargo, as more fully described

5

in Schedule A that Plaintiffs and/or their insurers, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

32. Such contracts of carriage or other applicable contracts concern either the carriage of Cargo by sea from a foreign port to a port of the United States of America or the intra or interstate transportation of the Cargo by motor vehicle or the storage and handling of the Cargo.

33. All obligations under the contracts of carriage or other applicable contracts to be performed on the part of Plaintiffs were performed, waived or otherwise excused.

34. Among other obligations and duties, Defendant(s) had an obligation and duty to: (a) deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge and/or Place of Delivery as stated in Schedule A; and (b) to properly and carefully handle, keep and care for Cargo while in their exclusive care, custody and control.

35. Plaintiffs suffered damage because the Cargo described in Schedule A was not delivered in good order and condition and was not properly or carefully handled, kept or cared for.

36. Plaintiffs submitted a claim to Defendants for the loss of and damage to the Cargo described in Schedule A.

37. By reason of the premises, the damages sustained, as nearly as the same can now be estimated, no part of which has been paid by Defendants, although duly demanded, are in the amount of at least $1,467,913.89, plus interest, costs and other expenses.

6

## COUNT I
## BREACH OF COMMON CARRIAGE
## (AGAINST THE VESSEL IN REM AND DEFENDANTS PEGASUS, POLSTEAM and ERATO IN PERSONAM)

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "37" of this complaint as if more fully set forth herein.

39. On or about the dates and at the port(s) of Cargo stated in Schedule "A", attached hereto and by this reference made a part hereof, there was delivered to the Vessel(s) or other conveyances and Defendants in good order and condition, the Cargo described in Schedule "A", which said Vessel(s) or other conveyances and Defendants received, accepted and agreed to transport for certain consideration.

40. The bills of lading described in Schedule A, and other applicable contracts are subject to the provisions of COGSA.

41. The bills of lading, described in Schedule A, Defendants and other applicable contracts are also subject to the provisions of the Harter Act.

42. The bills of lading, described in Schedule A, Defendants and other applicable contracts of carriage also are subject to the provisions of the Hague-Visby Rules and the general maritime law of the United States.

43. The Cargo described in Schedule A was in good order and condition when delivered to Defendants and the Vessel named in Schedule A.

44. The Cargo described in Schedule A was not delivered in good order and condition at the Port of Discharge stated in Schedule A and was not properly or carefully handled, kept or cared for.

45. Under the aforesaid statues and the general maritime law of the United States, Defendants are liable for the loss of and damage to the Cargo described in Schedule A.

46.    Plaintiffs are entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

## COUNT II
## BREACH OF CONTRACT
## (AGAINST ALL DEFENDANTS)

47.    Plaintiffs repeat, reiterate and reallege each and every allegation of paragraphs "1" through "46" of its complaint as if fully set forth at length herein.

48.    Defendants breached the contracts of carriage or other applicable contracts by failing to deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A and by failing to properly and carefully handle, keep and care for said Cargo.

49.    Defendants otherwise breached the contracts of carriage or other applicable contracts.

50.    Plaintiffs suffered damages because of the breach of contract by Defendants.

## COUNT III
## VICARIOUS LIABILITY
## (AGAINST ALL DEFENDANTS)

51.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "50" of this complaint as if more fully set forth herein.

52.    The Cargo described in Schedule A was entrusted to the care, custody and control of Defendants named in Schedule A and/or persons for whom said Defendants are vicariously liable for delivery to the Port of Discharge or the Place of Delivery stated in Schedule A.

53.    The Cargo described in Schedule A was in the care, custody and control of Defendants and/or persons for whom Defendants are vicariously liable at the time said Cargo was lost or damaged.

8

54.     Defendants and/or persons for whom Defendants are vicariously liable failed to deliver the Cargo described in Schedule A in good order and condition at the Port of Discharge stated in Schedule A and failed to properly and carefully handle, keep and care for said Cargo or, in the alternative, are vicariously liable failed to properly and carefully handle, keep and care for said Cargo and failed to deliver said Cargo in good order and condition to the Place of Delivery stated in Schedule A.

55.     Defendant(s) and/or persons for whom Defendants are vicariously liable failed to return the Cargo described in Schedule A in good order and condition or, failed to return the Cargo described in Schedule A in good order and condition.

56.     The loss of or damage to the Cargo described in Schedule A was caused by or resulted from the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

57.     Plaintiffs suffered damages because of the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

58.     Plaintiffs are entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

### COUNT IV
### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "58" of this complaint as if more fully set forth herein.

60.     Defendants, their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of the Cargo in a negligent manner and in such a way as to be totally oblivious to Plaintiffs' rights in the Cargo.

9

61. Defendants had a non-delegable duty to ensure the Vessel was seaworthy in all respects.

62. Defendants had a non-delegable duty to exercise due diligence to ensure the Vessel was seaworthy.

63. Defendants had the further duty and obligation to refrain from tortiously interfering with Plaintiffs' existing contractual obligations to third parties.

64. Defendants' negligence and improper conduct with respect to its duties and obligations to the Vessel and Cargo, including but not limited to the custody, control, handling, transportation and care of the Cargo, resulted in its loss, damage and deterioration.

65. The loss and/or damage of the Cargo was proximately caused by the negligence of Defendants, jointly and/or severally, in total disregard of their respective obligations to properly transport, store, secure and/or handle the Cargo, and generally acting in a manner so as to totally Cargo.

66. As a result of the negligence of Defendants, jointly and/or severally, Plaintiffs have sustained damages suffered because of the loss of and damage to the Cargo described in Schedule A.

## COUNT V
## BREACH OF BAILMENT
## (AGAINST ALL DEFENDANTS AND THE VESSEL)

67. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "66" of this complaint as if more fully set forth herein.

68. This count is being pled in the alternative.

69. Defendants PEGASUS and POLSTREAM allege that the Cargo was discharged in Chicago, Illinois in good order and condition.

10

70.     To the extent this allegation is accurate, Defendant NASCO received the Cargo at Chicago, Illinois in good order and condition.

71.     In exchange for certain consideration, Defendant NASCO agreed to safely warehouse, store, handle and otherwise protect the Cargo while in its care, custody and control.

72.     Defendant NASCO issued receipts and/or OS&D reports confirming the condition of the Cargo upon discharge from the Vessel in Chicago, Illinois.

73.     Defendant NASCO delivered the Cargo to the Place of Delivery in a damaged or lost condition.

74.     Plaintiffs suffered damages because of the acts or omissions of Defendant(s) and/or persons for whom Defendant(s) are liable.

75.     Plaintiffs are entitled to recover the damages suffered because of the loss of and damage to the Cargo described in Schedule A.

**WHEREFORE**, Plaintiffs THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS NA LLC request:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That if Defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

(c) That a judgment be entered in favor of Plaintiffs, on each count, for the amounts stated in this complaint, together with interest and costs.

(d) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(e) Plaintiffs further request such other and further relief as to this Court may seem just and proper.

## RESERVATION

THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC reserve the right to assert against Defendants, or any other subsequent defendants or third parties any other claims or arguments that may develop during the investigation, discovery, and litigation of this action.

## DEMAND FOR JURY TRIAL

Plaintiffs THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC demand a trial by jury of all claims triable as of right by jury.

**Dated:** December 28, 2023

Respectfully Submitted,

KMA ZUCKERT LLC

_____

Deborah Moldover (ARDC No. 6717987)
KMA ZUCKERT LLC
200 W. Madison Street, 16th Floor
Chicago, IL 60606
Tel: (312) 345-3000

David Y. Loh (*pro hac vice*)
Nicholas Pantelopoulos (*pro hac vice* pending)
KMA ZUCKERT LLC
1350 Broadway, Suite 2410
New York, NY 10018
Tel: (212) 922-0450

Attorneys for Plaintiffs
*THYSSENKRUPP MATERIALS NA, INC. d/b/a*
*ThyssenKruppMaterials Trading North America*
*and THYSSENKRUPP MATERIALS TRADING NA*
*LLC*

**SCHEDULE A**

OUR REF:                           TY 8429 and 448028.00001

VESSEL:                            M/V DRAWSKO

PORT OF LOADING:                   GEMLIK, TURKEY

PORT OF DISCHARGE:                 CHICAGO, ILLINOIS

SHIPPER:                           BORCELIK CELIK SANAYTII TICARET A.S.

CONSIGNEE:                         TO THE ORDER OF THYSSENKRUPP MATERIALS
                                   TRADING NORTH AMERICA

PLACE OF DELIVERY:                 VARIOUS, including but not limited to Chicago Steel in
                                   Gary, IN and Charter Steel Trading in Chicago, IL

BILLS OF LADING:                   PDEF2205GMCH0002, 3, 4, 5 and 10 dated March 25, 2022

DATE OF DISCHARGE:                 MAY 25, 2022

DESCRIPTION OF CARGO:              596 STEEL COILS

DAMAGES                            FRESH WATER CONTAMINATION

AMOUNT:                            $1,467,913.89

15

## VERIFICATION

STATE OF NEW YORK   )
                           )   .ss
COUNTY OF NASSAU   )

    I, Harold M. Kingsley, am the attorney-in-fact for THYSSENKRUPP MATERIALS NA, INC. d/b/a ThyssenKruppMaterials Trading North America and THYSSENKRUPP MATERIALS TRADING NA LLC, the Plaintiffs in the within action for recovery of cargo loss or damage arising from a certain shipment of steel coils traveling from Gemlik, Turkey to Chicago, Illinois. I have read the foregoing complaint and know the contents thereof. The contents are true to my own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Harold M. Kingsley
Attorney-in-Fact

Sworn to before me
This 28th day of December, 2023

Notary Public

JOAN S. KINGSLEY
Notary Public, State of New York
No. 02K14783286
Qualified in Nassau County
Commission Expires Sept. 30, 2025

# SUB-EXHIBIT C



**Gard (UK) Limited**
Fifth Floor,
The Minster Building,
21 Mincing Lane
London EC3R 7AG
United Kingdom

Tel   +44 20 7444 7200
Fax   +44 20 7623 8657

garduk@gard.no
www.gard.no

To: David Y. Loh, Esq.
KMA Zuckert LLC
1350 Broadway, Suite 2410
New York, NY 10018

**Letter of Undertaking**

| | |
|---|---|
| **Vessel:** | **M/V DRAWSKO** |
| **Voyage:** | **Gemlik, Turkey to Chicago, USA** |
| **Bs/L:** | **PDEK2205GMCH0002, PDEK2205GMCH0003,PDEK2205GMCH0004, PDEK2205GMCH0005 & PDEK2205GMCH0010** |
| **Cargo:** | **2,857.235 MT of Prime Cold Rolled Steel in Coils** |
| **Suit:** | **Alleged Damage to the Cargo** |

Dear Sirs,

In consideration of your refraining from arresting, attaching or otherwise detaining, the M/V DRAWSKO ("Vessel") or any other vessel or property of her Owner or any other vessel or property of any company in the same or associated ownership, management or control in connection with the referenced cargo claim, the undersigned Association hereby undertakes:

1. To file or cause to be filed, upon your demand, a Statement of Right or Interest in the Vessel in rem in the U.S. District Court for the Northern District of Illinois, seeking damages allegedly arising out of the reference claims ("Suit") irrespective of the vessel not being in the jurisdiction of the Court at the time (and without raising any defenses as to her absence from said jurisdiction).

2. This undertaking is given without prejudice to or waiver of the Vessel Owners' motion to dismiss the associated proceedings in the United States District Court for the Northern District of Illinois filed on May 16, 2023, Case No.1:23-cv-0386, and generally without prejudice to the M/V DRAWSKO and her Owners' position that all claims should be referred to arbitration in London.

3. In the event a final judgment (after final appeal, if any) be entered in your favor against the M/V DRAWSKO in rem in the Suit as referenced in paragraph 1 above then the undersigned Association agrees to pay and satisfy one said final judgment up to and not exceeding US$1,500,000 (U.S. Dollars One Million Five Hundred Thousand) plus interest and costs, or any lesser amount decreed by the Court or settled between the parties without final judgment being rendered.

4. Upon demand to cause to be filed a Bond in form and sufficiency of surety satisfactory to you or to the Court in the above amount securing your claim against the said Vessel in one said Suit mentioned in paragraph 1.

5. In the event the Bond referred to in paragraph 4 is filed then the undersigned Association shall have no further obligation under this undertaking.

And to the extent that the aforementioned motion to dismiss is successful after all appeals if any, and that any other similar motion to dismiss the in rem action against the M/V DRAWSKO is also similarly successful after all appeals if any, we also undertake to replace this Letter of Undertaking with an equivalent one securing Cargo Owners against sums due to you from the owners of the M/V DRAWSKO, and from the M/V DRAWSKO in rem, in respect of your said claim either by agreement between the parties or by final unappealable award of a London arbitral Tribunal provided always that our liability hereunder shall not exceed the sum of USD $1,500,000 (United States Dollars One million, Five Hundred Thousand) plus interest and costs.

It is agreed that the amount of the Letter of Undertaking shall be promptly reduced if the amount of your claim, presently said by you to be US$1,500,000.00 (U.S. Dollars One Million Five Hundred Thousand), is reduced voluntarily or by the Court, and it is further agreed that this Undertaking is without prejudice to Owner's right to make an appropriate application to the Court to reduce the amount of security provided herein.

It is understood and agreed that the signing of this letter by Gard (UK) Ltd. is not to be construed as binding Gard (UK) Ltd. but is to be binding only Gard P.&I. (Bermuda) Ltd. Neither this agreement nor obligations under it may be assigned without written agreement of Gard P.&I. (Bermuda) Ltd.

In the event the proceedings referred to in paragraph 1 are terminated or dismissed without judgment being rendered in your favor, or in the event that payment of your claim or of an agreed settlement of your claim is made to you, this letter of undertaking shall be returned to the undersigned Association.

This letter is written entirely without prejudice to any other rights or defenses which the said Vessel and/or Owner of the said Vessel may have, none of which is to be regarded as waived.

**Gard (UK) Limited**
**By authority from Gard P.&I. (Bermuda) Ltd.**

..........................................
**Ajaz Peermohamed**
**Vice President**
**Dated: 27/11/2023**

This letter has been sent for and on behalf of an entity of the Gard Group comprising, inter alia; Gard P. & I. (Bermuda) Ltd, Assuranceforeningen Gard - gjensidig -, Gard Marine & Energy Limited and Gard Marine & Energy Insurance (Europe) AS.

Gard (UK) Limited, registered office in England as above, Company No.1679927, authorised and regulated by the Financial Conduct Authority, is a wholly owned subsidiary of Gard AS, an insurance intermediary company registered in Norway.
Gard AS is registered as an insurance intermediary by the Norwegian Financial Supervisory Authority Company Code : 982 132 789.

All external service providers who act for or on behalf of an entity in the Gard group of companies or its customers are required to act in accordance with Gard's Anti-Bribery Requirements, which can be found at www.gard.no

# SUB-EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THYSSENKRUPP MATERIALS NA, INC.
d/b/a ThyssenKruppMaterials Trading North
America and THYSSENKRUPP MATERIALS
TRADING NA LLC,
Plaintiff,
v.
M/V DRAWSKO, her engines, boilers, tackle,
etc., *in rem,* PEGASUS DENIZCILIK A.S.;
POLSKA ZEGLUGA MORSKA; ERATO
TWO SHIPPING LTD.; NORTH AMERICA
STEVEDORING COMPANY, LLC, *in
personam*;
Defendants.
)
Case No. 1:23-cv-03086

### DECLARATION OF DUNCAN ROSS

Pursuant to 28 U.S.C. § 1746, I, Duncan Ross, declare as follows:-

1. I am an English solicitor, admitted to the roll of solicitors in 1996 and a director of the law firm Salvus Law Ltd. I have specialised in maritime law since qualification, and I have had the conduct of many cases concerning cargo loss and damage which have litigated and arbitrated in England and overseas.

2. I have been asked to provide an opinion on behalf of the Plaintiff in this action on the position under English law whether an arbitration tribunal would entertain a pure in rem case. In this particular case bills of lading were issued to the order of Thyssenkrupp Materials Trading North America, such bills having been issued on behalf of Pegasus Denizcilik A.S. In the circumstances Pegasus are the carrier insofar as Thyssenkrupp are concerned, who are the party with title to sue under the bills of lading under English law.

3. The registered owners of the vessel are Erato Two Shipping Limited, a Bahamian company and the operators are Polska Zegluga Morska PP (Polsteam), a Polish company. Neither of these companies are parties to the bills of lading, and Thyssenkrupp would not be able to rely upon any document or arbitration agreement, as a matter of English law, to commence arbitration against these two companies. There is a separate charterparty as between Polsteam Shipping Company Limited, Limassol, Cyprus as disponent owners and Pegasus Denizcilik A.S. as charterers on the NYPE form dated 5th May 2021 which contains an arbitration clause at clause 70. I have also seen a further NYPE charterparty dated 23 February 2022 between the same two parties on very similar terms. However, the Plaintiff

cargo interest is not party to these charters or the arbitration clause and as such this has no binding effect on the Plaintiff as they are not privy to either contract. Under English law, any legal action as between the Plaintiff Thyssenkrupp and either the registered owners, Erato Two Shipping Limited, Polska Zegluga Morska or disponent owners, Polsteam Shipping Company Limited, would be based on tort and/or bailment as there is no contractual relationship, either by way of bill of lading(s) or charterparty, between Thyssenkrupp and these entities.

4.  As I state above any action against by the Plaintiff the Defendants Erato Two Shipping Limited and Polska Zegluga Morska would lie in tort and/or bailment under English law and there would be no right to arbitration due to a lack of privity of contract. Insofar as any action *in rem* is concerned under English law, the procedure is for an in rem claim form to be issued in the Admiralty Court. Following the issue of an in rem claim form, a warrant for the arrest of the property, res, may be issued on the instance of the Plaintiff and the vessel arrested.

5.  In an action in personam, a claim form is issued and served on the person/company liable for the damages suffered. An action in rem, on the other hand, is a unique action only obtainable under the Admiralty Jurisdiction of the High Court and, in the context of maritime law, is an action against the "res", or ship.

6.  Part 61.2 – Admiralty Claims - of the English Civil Procedure Rules states as follows:-
    *(1) The following claims **must** (emphasis added) be started in the Admiralty Court –*
        *(a) a claim –*
    *(i) in rem;*

7.  There is no option, a claim in rem can only be commenced in the Admiralty Court and not via arbitration. Under English law a ship or res cannot be party to an agreement such as a charterparty or arbitration agreement and an in rem claim would not be recognised by London arbitrators as distinct from an in personam claim. The Arbitration Act 1996 at section 1 provides:-
    *1 General principles.*
    *The provisions of this Part are founded on the following principles, and shall be construed accordingly—*
    *(a)the object of arbitration is to obtain the fair resolution of disputes by an impartial tribunal without unnecessary delay or expense;*
    *(b)the parties should be free to agree how their disputes are resolved, subject only to such safeguards as are necessary in the public interest;*
    *(c)in matters governed by this Part the court should not intervene except as provided by this Part.*

8.  The procedure for commencing arbitration is set out in the Arbitration Act 1996 and section 16.1 of the Act states:-

*16 Procedure for appointment of arbitrators.*
*The parties are free to agree on the procedure for appointing the arbitrator or arbitrators, including the procedure for appointing any chairman or umpire.*

The reference in the Act is to "parties" and a vessel is not capable under English law in my view of reaching agreement on the procedure for appointing an arbitrator.

9.  As I understand it, the main elements of an in rem action in the United States are:-
    1. *The claim of unseaworthiness causing cargo damage creates a maritime tort lien which is perfected by arrest of the vessel or an LOU.*
    2. *The vessel may be held liable for cargo damage even where the owner has no liability.*
    3. *The sailing of the vessel with the cargo aboard effects a ratification of the bill of lading by the ship even where the owner has not issued or authorized the B/L.*

10. In my opinion, an English arbitration tribunal would not apply the above principles in respect of in rem ship liability and, further, an arbitration tribunal would not in my view exercise jurisdiction over an in rem claim, such jurisdiction being reserved to the Admiralty Court.

I confirm that I have made clear which facts and matters referred to in this report are within my own knowledge and which are not. Those that are within my own knowledge I confirm to be true. The opinions I have expressed represent my true and complete professional opinions on the matters to which they refer. I declare under penalty of perjury under the laws of the United States of America that the statements in this declaration are true and correct and based upon my personal knowledge and opinion.

Signed

Duncan Ross, Salvus Law Ltd, 26 King Street, Manchester, M2 6AY

Executed this 1st day of February 2024