UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thyssenkrupp Materials NA, Inc. et al., | ) |
| Plaintiffs, | ) Case No. 23-cv-03086 |
| v. | ) Judge Sharon Johnson Coleman |
| Pegasus Denizcilik A.S. et al., | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiffs Thyssenkrupp Materials NA, Inc. and Thyssenkrupp Materials Trading NA, LLC (together, "Thyssenkrupp") brought a five-count amended complaint against motor vessel Drawsko ("M/V Drawsko"), Polska Zegluga Morska P.P. ("Polska"), Pegasus Denizcilik A.S. ("Pegasus"), Erato Two Shipping L.t.d. ("Erato"), and North American Stevedoring Company, LLC ("NASCO"). Thyssenkrupp alleges: (1) breach of common carriage against M/A Drawsko, *in rem*, and Polska, Pegasus, and Erato, *in personam*; (2) breach of contract against Polska, Pegasus, Erato, and NASCO; (3) vicarious liability against Polska, Pegasus, Erato, and NASCO; (4) negligence against Polska, Pegasus, Erato, and NASCO, and (5) breach of bailment against Polska, Pegasus, Erato, NASCO, and M/V Drawsko. NASCO moves to dismiss Counts III through V pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants NASCO's partial motion to dismiss [41].

**Background**

This action arises out of cargo Thyssenkrupp purchased from a Turkish shipper to be resold in the United States. Thyssenkrupp trades and imports steel products. Erato and Polska ("Owners") are the owners of M/V Drawsko. Pegasus chartered M/V Drawsko from the Owners on February 23, 2022, to carry Thyssenkrupp's cargo from Turkey to Illinois. And Thyssenkrupp

hired NASCO as a "stevedore" to unload the cargo in Illinois and provide other "stevedoring services."

In April of 2022, NASCO provided Thyssenkrupp with its Steel Handling Rates ("Rates"). The Rates state "[o]ur standard stevedoring terms and conditions [("T&Cs")] are incorporated to all our quotations and contracts. If they are unknow to you, please consult our website at www.qsl.com." This website leads viewers to a general home page. At the very bottom of the page, in fine print, there is a T&Cs link. Once one clicks on the T&Cs link, the user is brought to a page with several hyperlinks, including one that states, "North America Stevedoring LLC." After clicking on that link, viewers are brought to a document which reads at the top in bold letters: "**NORTH AMERICA STEVEDORING COMPANY, LLC TERMS AND CONDITIONS**."

The T&Cs provide:

> **19. NASCO Liability.** NASCO's liability shall be limited solely to loss or damage to the Vessel, its equipment or Goods where such loss or damage results from the wilful misconduct or gross negligence of NASCO or its own employees, which loss or damage occurs while providing Services, and the Vessel' officer or Customer notifies NASCO in writing of such loss or damage within 7 days thereafter. … Under no circumstance shall NASCO be liable for loss or damage in excess of $250 per unit of goods or $1 per metric tonne for bulk cargo. Any liability of NASCO shall be as a ship's stevedore and not as a bailee…"

The Rates also provide: "Please note that once operation commences, this is understood to signify acceptance of the above rates, terms and conditions . . ."

Once the cargo Thyssenkrupp purchased arrived in Illinois in May 2022, NASCO drafted an Over/Short & Damage Report, in which it reported rust and water damage of the cargo. Due to the damage, the purchaser refused to accept the cargo. Thyssenkrupp submitted a claim for damage to NASCO, which NASCO denied. This suit ensued.

**Legal Standard**

When considering a motion to dismiss, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.

2

*AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pursuant to Federal Rule of Civil Procedure 12(d), a district court generally cannot consider material outside of the complaint and its attachments without converting a Rule 12(b)(6) motion to a motion for summary judgment. *See* Fed. R. Civ. P 12(d). However, a court may consider documents attached to a motion to dismiss if they are central to plaintiff's claims. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Although the T&Cs and Rates were not attached to Thyssenkrupp's complaint, the Court considers them central to Counts III through V.

**Discussion**

It is undisputed that there is a binding contract between NASCO and Thyssenkrupp concerning the Rates. The issue is whether the T&Cs were incorporated into the Rates. NASCO argues that the T&Cs were incorporated for two reasons. First, NASCO argues that the T&Cs were incorporated by reference when it sent Thyssenkrupp its Rates, which included a link to the T&Cs that Thyssenkrupp admits to receiving. NASCO further contends that Thyssenkrupp assented to be bound by the T&Cs, as they allowed NASCO to perform its duties outlined in the Rates and brought an action for breach of contract, pursuant to the only contract that existed between them—the Rates. Thyssenkrupp responds that the T&Cs were not properly incorporated because they were not clear and specific or conspicuous, therefore they did not intend to be bound by the terms.

In Illinois, a contract may incorporate another by reference, if the parties had the intent to do so, and such intent was clear and specific. *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th

3

Cir. 2002). It is the party who seeks to enforce the incorporation document that must show such an intention exists. *Id.*

NASCO has shown that the parties intended to be bound by the T&Cs. The Rates, which Thyssenkrupp received, provide that the T&Cs are incorporated and provides the link where such terms may be found. Although Thyssenkrupp asserts that the T&Cs were not clear and specific because a user would have to click on several hyperlinks, the Court disagrees. These T&Cs are easily navigable for a sophisticated company, as once you click on the T&Cs hyperlink it brings you to a page where the relevant T&Cs were clearly labeled "North America Stevedoring, LLC." The cases Thyssenkrupp cites to support its hyperlink argument are distinguishable from the case at hand. Further, the parties do not dispute that NASCO performed its obligations pursuant to the Rates or indicate that these T&Cs were not in place at the time the Rates were sent.

Other courts in this district have come to the same conclusion in similar cases. For instance, in *Plymouth Tube Co. v. Pilepro Steel, LP*, No. 15 C 10353, 2017 WL 4707454, (N.D. Ill. Oct. 19, 2017) (Castillo, J.), the court held that the relevant T&Cs on the plaintiff's website were incorporated by reference into purchaser orders because (a) the order acknowledgments clearly stated they were incorporated and provided the website link where they could be found; (b) the order acknowledgements stated that the relevant terms were in effect at the time that the orders were issued, and it was undisputed that the order acknowledgements were sent when the terms were in effect; and (c) defendant allowed performance of the order, which were subject to the T&Cs.

Thyssenkrupp states that incorporation was not clear and specific because "North America Stevedoring, LLC" (the language at the top of the T&Cs) and "NORTH AMERICA STEVEDORING COMPANY, LLC" (NASCO) are two different entities. However, Thyssenkrupp provides no basis to support this assertion, and therefore waives this argument.

4

*Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("[P]erfunctory and underdeveloped arguments are waived, as are arguments unsupported by legal authority.").

Next Thyssenkrupp asserts that incorporation is not clear and specific because the T&Cs, when read with the Rates, are ambiguous. Thyssenkrupp specifies that the Rates quoted by NASCO has three sections "Rates Basis," "Rates Include," and "Rates Exclude," which includes storage services—a task outside the scope of stevedoring. However, as discussed below, the T&Cs limit NASCO's liability to that of a stevedore, so this argument misses the mark.

Because the Court finds that the T&Cs were properly incorporated, the Court now turns to whether the T&Cs bar Counts III through V.

NASCO's liability provision limits its liability to instances where goods are damaged due to the "willful misconduct or gross negligence of NASCO," in its capacity as "a ship's stevedore and not as a bailee." Because Thyssenkrupp asserts claims of vicarious liability, negligence, and breach of bailment claims against NASCO, NASCO argues that this liability provision bars such claims. Thyssenkrupp argues that NASCO's T&Cs are unenforceable because they lessen or diminish its duty as a warehouseman to exercise reasonable care pursuant to 810 ILCS 5/7-204.

Thyssenkrupp does not assert that NASCO cannot limit its relationship as a stevedore, and instead focuses on NASCO limiting its scope of care. Therefore, the Court dismisses Count V, breach of bailment, as to NASCO, since it has limited its relationship to that of a stevedore. Further, Thyssenkrupp makes a conclusory statement that NASCO is a warehouseman in both its complaint and response but fails differentiate a warehouseman and bailee, and it appears that both parties use the terms interchangeably. Because NASCO has limited its relationship as a stevedore and not a bailee or warehouseman, 810 ILCS 5/7-204 does not apply to NASCO. Therefore, the Court also dismisses Counts III and IV, as to NASCO.

**Conclusion**

For the forgoing reasons, the Court dismisses Counts III through V, as to NASCO [41].

**IT IS SO ORDERED.**

Date: 8/30/2024                                    Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge