UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THYSSENKRUPP MATERIALS NA, INC. and THYSSENKRUPP MATERIALS TRADING NA, LLC, </br></br>Plaintiffs,</br></br>v.</br></br>M/V DRAWSKO, her engines, boilers, tackle, etc. *in rem*, PEGASUS DENIZCILIK A.S.; POLSKA ZEGLUGA MORSKA; ERATO TWO SHIPPING LTD; and NORTH AMERICA STEVEDORING COMPANY, LLC *in personam*;</br></br>Defendants. | Case No. 23-cv-03086</br></br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thyssenkrupp Materials NA, Inc. and Thyssenkrupp Materials Trading NA, LLC, ("Plaintiffs") moves to amend the Court's August 30, 2024 order granting Defendant North America Stevedoring Company, LLC *in personam*'s ("Defendant NASCO") motion to dismiss to include certification for interlocutory appeal. In its response, Defendant NASCO requested a stay of discovery on all matters which are subject to Plaintiffs' appeal. Plaintiffs oppose the stay of discovery. For the reasons stated below, Plaintiffs' motion to amend the Court's August 30, 2024 order to include certification for interlocutory appeal is granted [77] and Defendant NASCO's request to stay discovery on all matters subject to the appeal is denied.

**BACKGROUND**

Plaintiffs brought suit against M/V DRAWSKO, her engines boilers, tackle, etc. *in rem,* Pegasus Denizcilik A.S.; Polska Zegluga Morska; Erato Two Skipping LTD; and North America Stevedoring Company, LLC *in personam* ("Defendants") for breach of common carriage, breach of

1

contract, vicarious liability, negligence, and breach of bailment. The claims originated when Plaintiffs ordered a cargo of steel (the "Order") from Gemlik, Turkey to be delivered to Chicago, Illinois. Plaintiffs contracted with Defendant NASCO to unload and store the Order in Chicago. Between May 25, 2024 and May 27, 2024, Defendant NASCO unloaded and stored the Order. On May 27, 2024, after unloading and storing the Order, Defendant NASCO reported that the Order had been damaged by wetting and rust. Plaintiffs allege that their purchaser, who was arranged to buy the Order from Plaintiffs, refused to accept it due to the damage.

Defendant NASCO filed a motion to dismiss the vicarious liability, negligence, and breach of bailment claims. On August 30, 2024, the Court granted Defendant NASCO's motion to dismiss. On September 27, 2024, Plaintiffs filed a motion to amend the August 30, 2024 order to include certification of question for interlocutory appeal. Defendant NASCO's response indicates that it does not oppose certification of the Court's August 30, 2024 order for interlocutory appeal under 28 U.S.C. § 1292(a)(3). However, Defendant NASCO requests a stay of discovery on the issues subject to interlocutory appeal. The stay of discovery request is opposed by Plaintiffs. As there is no dispute concerning the request for interlocutory appeal under 28 U.S.C. § 1292(a)(3), the Court grants Plaintiffs' motion to amend the Court's August 30, 2024 order to include certification of question for interlocutory appeal. Accordingly, this Order and Opinion will focus on Defendant NASCO's request to stay discovery during the interlocutory appeal.

**DISCUSSION**

The Supreme Court has ruled that, generally, filing a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S. Ct. 1327, 84 L.E.2d 274 (1985). In the context of interlocutory appeals filed pursuant to 28 U.S.C. § 1292, however, certain proceedings before the district court may continue during the pendency of appeal.

2

*Willliamson,* 2011 U.S. Dist. LEXIS, 129094, at *4. Specifically, courts have held that issues related to discovery may proceed during the pendency of interlocutory appeals. *Id.* at *5.

Defendant NASCO requests that discovery regarding matters subject to the interlocutory appeal, namely, the contract between Defendant NASCO and Plaintiffs and issues involving Defendant NASCO's applicable Terms and Conditions be stayed pending resolution of Plaintiffs' appeal. Defendant NASCO relies on *Williamson v. Recovery Limited Partnership* to support its argument. that matters subject to the interlocutory appeal should be stayed pending the appeal. 2011 U.S. Dist. LEXIS 128084, No. 2:06-CV-292 (S.D. Ohio Nov. 4, 2011). It argues that the *Williamson* Court reasoned that a modification to the stay of the case was warranted because the requested discovery did not concern matters in the pending interlocutory appeal. *Williamson,* 2011 U.S. Dist. LEXIS 128084, at *5. Plaintiffs contend that, contrary to Defendant NASCO's assertion, the *Williamson* court determined that the statute does mandate a stay of discovery pending an interlocutory appeal.

As the interpretation of 28 U.S.C. § 1292(a)(3) is a novel issue in this District and the parties dispute the interpretation of *Williamson v. Recovery Limited Partnership*, the Court will analyze the *Williamson* Court's decision to determine whether a stay is proper. The *Williamson* court granted a modification to the stay of discovery, determining that the modification was not directly implicated by the appeal, and, therefore would not interfere with the appeal. *Id.* at *5. Here, there are no facts that would suggest that allowing the parties to engage in discovery would interfere with the appeal. Indeed, the breach of contract claim against Defendant NASCO is not subject to the interlocutory appeal and, therefore, still active in the litigation. Further, courts have previously determined that issues related to discovery may proceed during a pending interlocutory appeal. *Id.*; *see Macon v. Bailar*, 428 F.Supp. 182 (E.D. Va. 1977). Accordingly, the Court denies Defendant NASCO's request to stay discovery during the pendency of the interlocutory appeal.

3

**CONCLUSION**

For these reasons, the Court grants Plaintiffs' motion to amend the Court's August 30, 2024 order to include certification for interlocutory appeal [77] and denies Defendant NASCO's request to stay discovery on all matters subject to the appeal.

**IT IS SO ORDERED.**

Date: 12/13/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge