**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THYSSENKRUPP MATERIALS NA, INC. and THYSSENKRUPP MATERIALS TRADING NA, LLC | |
| Plaintiffs, | Case No. 1:23-cv-03086 |
| v. | Hon. Sharon Johnson Coleman, D.J. |
| M/V DRAWSKO, her engines, boilers, tackle, etc., *in rem,* PEGASUS DENIZCILIK A.S., POLSKA ZEGLUGA MORSKA P.P., ERATO TWO SHIPPING LIMITED, and NORTH AMERICAN STEVEDORING COMPANY, LLC | Hon. Jeffrey T. Gilbert, M.J.  **In Admiralty** |
| Defendants. | |

**THE DRAWSKO PARTIES' UNOPPOSED MOTION FOR LEAVE**
**TO EXCEED PAGE LIMITS AND TO AMEND THE BRIEFING SCHEDULE**

Defendants M/V DRAWSKO *in rem*, and POLSKA ZEGLUGA MORSKA P.P. and ERATO TWO SHIPPING LIMITED, *in personam* (collectively, the "DRAWSKO Parties"), by their undersigned counsel, request pursuant to Local Rule 7.1 and this Court's standing orders, that this Court grant them (and correspondingly Plaintiffs) leave for an additional 10 pages (totaling 25 pages) for their memoranda of law in support of their motions for partial summary judgment, and to amend the briefing schedule by one day, and in support thereof state:

1.      Local Rule 7.1 provides that "[n]either a motion nor brief in support of or in opposition to any motion . . . shall exceed 15 pages without prior approval of the court." Local R. 7.1.

2.      Additionally, this Court's standing orders provide that, "[t]he fifteen (15) page limitation on all memoranda contained in Local Rule 7.1 shall be strictly enforced. A motion for leave to exceed that limit shall not be granted unless warranted."

3.      Good cause exists for this Court to allow the DRAWSKO Parties and Plaintiffs an additional 10 pages for their memoranda of law in support of their motions for partial summary judgment. The parties seek the Court's determination of whether the "fair opportunity doctrine" overrides or precludes the statutory limitations of liability set forth in the Carriage of Goods by Sea Act ("COGSA"), and the parties reasonably believe that this legal determination will allow the case to be resolved in settlement.  The Seventh Circuit has yet to address the fair opportunity doctrine.  At this time, there is a circuit split, some circuits have chosen to apply some form of the doctrine, while at least one circuit has chosen not to apply the doctrine as in contravention of the controlling statute. Of the circuits that do apply the doctrine, there are different versions of the doctrine.  For example, some circuits place the initial burden on the shipper, while others place the initial burden on the carrier. Another example is that some circuits allow a carrier to present evidence of constructive notice, while other circuits generally only allow evidence with respect to the face of the bills of lading. Accordingly, in order to present the Court with a comprehensive analysis of the circuit split as it relates to the fair opportunity doctrine, the DRAWSKO Parties must present this Court with a thorough analysis of the relevant legal authority in each circuit that has analyzed the doctrine.

4.      The parties will ensure that they meet all other requirements under Local Rule 7.1, such as including a table of contents and table of authorities. Local R. 7.1.

5.      On September 9, 2025, counsel for Plaintiffs confirmed that they do not oppose the relief sought by the DRAWSKO Parties in this motion.  If the presentment date is not stricken by the Court, as is the parties' preference because the relief sought by the DRAWSKO Parties is unopposed, Plaintiffs have asked that they be allowed to attend the presentment of this motion remotely because Plaintiffs' lead counsel is located in New York City. Counsel for the

DRAWSKO Parties will attend any presentment hearing in person. The DRAWSKO Parties do not oppose Plaintiffs' request to attend remotely.

6.      If the presentment date is not stricken, the DRAWSKO Parties request that the briefing schedule be amended by one day, setting the date of presentment of this Motion and the parties' deadline to file their motions for partial summary judgment to Friday, September 12, 2025. Alternatively, if the presentment date is stricken, the DRAWSKO parties request that the Thursday, September 11, 2025 deadline remain in place.

WHEREFORE, based on the foregoing, M/V DRAWSKO *in rem*, and POLSKA ZEGLUGA MORSKA P.P. and ERATO TWO SHIPPING LIMITED, *in personam*, respectfully request pursuant to Local Rule 7.1 and this Court's standing orders, that the parties be granted leave to file an additional l0 pages (totaling 25 pages) for their memoranda of law in support of their motions for partial summary judgment, and for all other relief this Court deems just.

Respectfully submitted,

M/V DRAWSKO *in rem*, and POLSKA ZEGLUGA MORSKA P.P. and ERATO TWO SHIPPING LIMITED, *in personam*,

/s/   Paul J. Kozacky
                One of their Attorneys

Paul J. Kozacky (pkozacky@kwmlawyers.com)
Caitlin J. Brown (cbrown@kwmlawyers.com)
KOZACKY WEITZEL MCGRATH, P.C.
77 W Wacker Drive, Suite 4500
Chicago, Illinois 60601
Phone:  312-696-0900